## LINTON'S LUNCH

v.

## The RESTAURANT GUILD CHAIN STORE EMPLOYEES' LOCAL #138, AFL-CIO.

Civ. A. No. 35154.

United States District Court
E. D. Pennsylvania.

April 3, 1964.

Norman R. Bradley, Philadelphia, Pa., for plaintiff.

I. Herman Stern, Philadelphia, Pa., for defendant.

KRAFT, District Judge.

Before us presently in this declaratory judgment proceeding is the plaintiff's motion for a temporary injunction restraining defendant from proceeding with arbitration of a grievance, during the pendency of these proceedings. The material facts are undisputed. Accordingly, we make the following

## FINDINGS OF FACT

1. This action was commenced by employer's petition praying for a declaratory judgment that two grievances (numbers IV and V), submitted by the defendant to American Arbitration Association, were not arbitrable under the terms of the currently effective labor contract between the employer-plaintiff and union-defendant.

2. Defendant was served with process on February 25, 1964. Thereafter it caused an appearance to be entered on its behalf and filed an answer to said petition.

3. The pleadings have been completed, and cross-depositions have been taken on behalf of both parties.

4. On March 26, 1964, plaintiff filed a motion for summary judgment.

5. On April 2, 1964, defendant filed a cross-motion for summary judgment.

6. The motions for summary judgment will, in all likelihood, be reached for argument about the middle of May, 1964.

7. Despite the pendency of these proceedings, defendant has insisted on proceeding to arbitration of the grievances here involved.

8. The American Arbitration Association has notified plaintiff that it has no discretion in the matter and that the grievances must proceed to hearing. It has served plaintiff with formal notice of hearings on Grievance IV on April 6, 1964, and, on Grievance V on April 15, 1964.

9. At the hearing before this Court on April 2, 1964, the parties expressly stipulated and agreed, inter alia, that defendant withdraw, for the present, arbitration on Grievance V, which was scheduled for April 15, 1964.

## DISCUSSION

Section 1651(a) of 28 U.S.C. provides:

"The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law."

We are of the view that the facts before us call for the issuance of an injunction in aid of our jurisdiction. To allow arbitration to proceed as scheduled would certainly abort, and possibly completely defeat, the very purpose of these declaratory judgment proceedings, and either impair or destroy the effectiveness of any judgment entered. It would, in effect, permit the arbitrators to oust the jurisdiction of this Court to determine the very issue now framed and presented to it for adjudication. As stated in American Ins. Co. v. Lester, 214 F.2d 578 (4th Cir. 1954) at p. 582:

"Without such a power [to stay State court proceedings], the granting of a declaratory judgment may well, in many cases as in the instant case, fall short of attaining the objectives which are sought in proceedings looking to a declaratory judgment."

## CONCLUSIONS OF LAW

1. The Court has jurisdiction of the parties and of the subject matter.

2. The issuance of an injunction restraining the arbitration of Grievance IV on April 6, 1964, as scheduled, is necessary or appropriate in aid of the jurisdiction of this Court.

## ORDER

Now, April 3, 1964, it is ordered, adjudged and decreed that, pending final disposition of the declaratory judgment proceedings in this Court or until this Court shall sooner otherwise order, respondent, The Restaurant Guild Chain Store Employees' Local #138, AFL-CIO, its officers, representatives, agents, servants, employees, and attorneys, and all other persons acting under or in concert or participation with them, be, and they are, enjoined and restrained from proceeding with arbitration of Grievance IV, now listed for hearing before the arbitrators on April 6, 1964.

It is further ordered that this injunction shall not be effective until the plaintiff shall have given security, conformably to Rule 65 of the Federal Rules of Civil Procedure in the sum of $20,000 for the payment of such costs and damages as may be incurred or suffered by any party who is found to have been wrongfully enjoined or restrained.